IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) CASE NO. CR413-007
)
ANTHONY DETHER AARON, )
)
Defendant. )
_____ )

## O R D E R

Before the Court is Defendant Anthony Dether Aaron's Motion for Clarification. (Doc. 899.) In the motion, Defendant seeks clarification regarding the amount of jail credit he received on his sentence. (Id. at 1.) Defendant indicates in his motion that he believes the Bureau of Prisons' correction of a discrepancy in his jail credit is in error and that he is not receiving the full jail time credit. To the extent Defendant is seeking an order from this Court giving him more jail time credit or otherwise modifying his sentence, Defendant's motion is **DENIED**. This Court enters this order to explain the sentence imposed on Defendant.

On November 29, 2012, Defendant was arrested by state authorities and charged with two drug offenses, both of

which were related to his instant federal drug offense. Defendant was not released on bond due to a detainer lodged by state parole authorities in connection with a parole violation as to a prior unrelated state conviction. On December 19, 2012, Defendant's state parole term was revoked and he was returned to state custody on the unrelated case. On February 7, 2013, Defendant was transferred to the custody of the United States Marshals Service and Defendant made his initial appearance in federal court on the instant federal charge related to his November 2012 arrest. Defendant subsequently entered a guilty plea in this case to the offense of conspiracy to possess with intent to distribute 50 kilograms or more of marijuana. On September 29, 2014, this Court sentenced him to serve 120 months of imprisonment.

At sentencing, this Court ordered Defendant's federal sentence to be served consecutively to the state imprisonment term he was already serving due to his parole revocation. (Doc. 661; Doc. 664.) This Court recommended that Defendant receive credit for time served in custody since November 29, 2012, for conduct related to the instant offense. (Doc. 664 at 2.) Following sentencing, Defendant was returned to state custody to complete the remainder of

his unrelated revoked state parole term. Defendant's state imprisonment term expired on February 9, 2014, and he was subsequently transferred to the custody of the Bureau of Prisons to serve his federal sentence in the instant case.

Since this Court ordered Defendant's term to run <u>consecutively</u> to his revoked state parole term, Defendant is eligible to receive credit toward his federal sentence for time served in custody since November 29, 2012, <u>except</u> for the period served on his revoked state parole term. Therefore, it appears that the Bureau of Prisons has correctly calculated Defendant's federal sentence in the instant case to <u>exclude</u> the period between December 19, 2012, and February 9, 2014, during which he was serving a term of imprisonment due to his unrelated parole revocation.

The "discrepancy" mentioned by Defendant in his motion, which was discovered by the Bureau of Prisons during its release audit, was not related to the judgment imposed by the Court. Rather, the discrepancy was related to the manner in which Defendant's prior jail credit was calculated in the Bureau of Prisons' original calculation. In that original calculation, the Bureau of Prisons failed to take into account the Court's order that Defendant's

federal sentence run consecutively to his revoked state parole term. The Bureau of Prisons' revised calculation, noting a projected release date of July 30, 2021, correctly reflects the Court's sentencing order in this case. Accordingly, Defendant's motion (Doc. 899) is **DENIED**.

SO ORDERED this 7th day of August 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA